## S. BUCHSBAUM & CO. v. UNITED STATES.

### No. 50074.

United States Court of Claims.

July 15, 1952.

Edwin J. McDermott, Philadelphia, Pa., for plaintiff.

William A. Stern, II, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge, delivered the opinion of the court.

The plaintiff brought this suit to recover $56,294.30 alleged to be due it under Section 17(a) of the Contract Settlement Act of 1944, 58 Stat. 649, 41 U.S.C.A. § 117(a). The petition alleges that on December 18, 1944, plaintiff entered into a contract No. W33–038–ac–5950 with the defendant for tailored airplane paulins, and as a result of changes in specifications, alterations in contract requirements, substitutions of components, furnishing of additional components, the plaintiff, upon receiving written and/or oral instructions from officers and/or agents of the contracting agency involved, and relying in good faith upon the apparent authority of such officers and/or agents, furnished the tailored airplane paulins with the modifications, changes and additions above referred to, and expended the additional sum of $56,294.30 therefor, for which plaintiff has not received compensation in any sum.

The contract was terminated for convenience of the Government. Plaintiff states that it filed a claim with the contracting agency involved, which was denied by such agency on May 22, 1950, and that on timely appeal taken to the Office of Contract Settlement Appeal Board the appeal was dismissed December 20, 1950.

The exhibits filed of record at a pretrial conference show that the contract was terminated partially by supplemental agreements entered into May 14, June 28, and August 11, 1945. The defendant sent plaintiff a telegram August 15, 1945, giving notice of the termination of the entire contract. Plaintiff and defendant entered into Supplemental Agreement No. 5, February 16, 1946. This was an agreement for the consolidated settlement and termination of plaintiff's contracts and change orders by Article 4(b) of the settlement contract. In consideration of the payment of the balance therein provided, plaintiff agreed that such amount constituted payment "in full and complete settlement of the amount due the Contractor by reason of the complete termination of work under the Contracts, and of all other claims of the Contractor under the Contracts and under the Act, insofar as it pertains to the Contracts, except as hereinafter provided in Article 5 hereof."

Article 5, so far as here material, provided as follows:

"Upon the payment of the sums payable under Article 4 hereof, all rights and liabilities of the parties under the Contract(s) and under the Act, insofar as it pertains to the Contracts(s), shall cease forthwith and be forever released, except; * * *.

"(8) The right of the Contractor to receive from the Government any sums of money for reimbursement for additional costs incurred as a result of CCN No. 3, (N–33582) and CCN No. 4 (N–34793) to the Contract No. W33–038–ac–5950, which CCNs were never formalized, in the event the Government is found liable for said costs under appropriate procedure under Section 17a of the Contract Settlement Act and Paragraph 308–H of Procurement Regulations."

The reference to CCN 3 and 4 was to contract change modifications which had been authorized or signed by the contracting officer.

It is clear from the foregoing that plaintiff, by its express agreements, had no claim or claims to assert against the Government except such claim as it might assert under Section 17(a) of the Contract Settlement Act and Paragraph 308–H of the Procurement Regulations. These were Regulations for the administration of the Contract Settlement Act. The plaintiff did file a claim on April 10, 1946, entitled "Request for Price Increase." This claim was submitted to the Commanding General at Dayton, Ohio, and was for the amount of $65,381.58. Plaintiff attached to this claim a number of letters and schedules, including plaintiff's original bid on the terminated contract. On July 25, 1946, the contracting officer issued a written decision on this claim and held that a portion of the claim qualified for approval, under 308–H of Procurement Regulations, and allowed $8,053.53. The balance of the claim was denied. The

claim was formally disposed of in a written opinion of the contracting officer of October 9, 1946, approving payment of the $8,053.53 and the denial of the balance of the total amount claimed. The plaintiff did not take an appeal from this decision of the contracting officer. Thereafter, on January 30, 1948, plaintiff filed with the contracting officer a written request dated January 19, 1948, for additional compensation in the amount of $56,294.30 which was designated by plaintiff as being a claim under Section 17(a) of the Contract Settlement Act. This claim followed closely the portion of the claim of April 10, 1946, which had previously been considered and disallowed. The contracting officer denied this claim on May 22, 1950. Plaintiff appealed from this decision to the Appeal Board of the Office of Contract Settlement. This Board dismissed the appeal on the ground that the claim had been previously made and denied, and plaintiff had not taken a timely appeal.

Defendant's motion for summary judgment is based upon the ground that plaintiff's claim of April 10, 1946, was a claim under Section 17(a) of the Contract Settlement Act, although not specifically designated as such, and that plaintiff is, therefore barred from maintaining this suit under Section 13, of the Contract Settlement Act, 41 U.S.C.A. § 113. We are of the opinion that this position of the defendant is well taken and that its motion for summary judgment must be allowed. As hereinbefore stated, the plaintiff, after the settlement agreements, had no claim that it could make against the Government except under Section 17(a) of the Contract Settlement Act. It made such a claim for additional compensation entitled "Request for Price Increase." The only basis for the allowance of that claim or any part of it was the Contract Settlement Act. The claim filed January 30, 1948, was in all material respects the same in substance as the claim of April 10, 1946. Since plaintiff did not appeal from the decision of the contracting officer, or bring suit within the time required by Section 13 of the Contract Settlement Act, it is not entitled to maintain this suit based on the appeal of June 21, 1950.

The defendant's motion for summary judgment is granted and the petition is dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.